Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
CILENTI & COOPER, PLLC
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LUIS C. MOLINA, on behalf of
himself, and others similarly situated,

                Plaintiff,

-against-

MASTIHA CORP., doing business as
STAGE DOOR DELI, located at 360 Ninth
Avenue, New York, New York, and
GEORGE CHRITIS, and GUSTAVO ROSARIO,
individually,

                Defendants.

Case No.: 17 CV 5939

**COMPLAINT IN AN FLSA ACTION**

ECF Case

---

Plaintiff, Luis C. Molina ("Plaintiff"), on behalf of himself and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants, Mastiha Corp., d/b/a Stage Door Deli, located at 360 9th Avenue, New York, New York 10001 ("Stage Door"), and George Chritis and Gustavo Rosario, individually (collectively referred to herein as the "Defendants"), and states as follows:

### INTRODUCTION

1.     Plaintiff, Luis C. Molina, alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2. Plaintiff, Luis C. Molina, further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premium for each day he worked ten (10) or more hours; (4) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is a resident of New York County, New York.

6. Defendant, Mastiha Corp., dba Stage Door Deli, is a domestic business corporation organized and existing under the laws of the State of New York, with a principal place of business located at 360 9th Avenue, New York, New York.

7. Upon information and belief, Defendant, George Chritis, is an owner, officer, director and/or managing agent of Stage Door, whose address is unknown at this time and who participated in the day-to-day operations of Stage Door and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Stage Door.

8. Upon information and belief, Defendant, Gustavo Rosario, is an owner, officer, director and/or managing agent of Stage Door, whose address is unknown at this time and who participated in the day-to-day operations of Stage Door and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Stage Door.

9. Plaintiff, Luis C. Molina, was employed by Defendants in New York County, New York, to work as a food preparation helper and dishwasher/cleaner/delivery person, for Defendants' restaurant known as "Stage Door Deli" from June 2015 through on or about March 10, 2017.

10. At all relevant times, Stage Door was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all relevant times, the work performed by Plaintiff, Luis C. Molina, was directly essential to the business operated by Stage Door.

12. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff Luis C. Molina lawfully earned wages and minimum wages in contravention of the FLSA and New York Labor Law.

13. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff Luis C. Molina lawfully earned overtime wages in contravention of the FLSA and New York Labor Law.

14. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff Luis C. Molina his lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

15. Plaintiff, Luis C. Molina, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

16. In or around June 2015, Plaintiff, Luis C. Molina, was hired by Defendants to work as kitchen helper, food preparer, stock person, and occasional delivery person at Defendants' restaurant known as "Stage Door Deli" located at West 33rd Street and Eighth Avenue, and later nearby at 360 9th Avenue at 31th Street, in New York, New York.

17. Plaintiff worked for the Defendant continuously between approximately 2008 through March 10, 2017.

18. During Plaintiff's employment by Defendants, he worked over forty (40) hours per week. Plaintiff generally six (6) days per week, and his work shift spanned ten (10) or eleven (11) hours per day. Plaintiff generally worked approximately sixty (60) hours or more per week, throughout his employment.

19. At times, Plaintiff was not paid minimum wages. In 2008 through 2012, plaintiff was paid only three hundred dollars ($300.00) per week, for all hours worked. In 2013 and 2014 Plaintiff was paid three hundred eighty dollars ($380.00) per week, for all hours worked; in 2015, Plaintiff was paid five hundred dollars ($500.00) per week, for all hours worked. In 2016, the employer introduced a punch clock system but Plaintiff was paid for much less hours than he actually worked each week.

20. Work performed above forty (40) hours per week was not paid at time and one-half his regular rate of pay as required by state and federal law.

21. Plaintiff was paid his wages by check, though at times he was paid in cash; he punched a time clock.

22. At times during his employment, Plaintiff was not given a wage statement or receipt with his pay. At other times, his wage statement demonstrates that he was paid for less hours than he worked.

23. Defendants knowingly and willfully operated and continue to operate their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff and other similarly situated employees.

24. Defendants knowingly and willfully operated and continue to operate their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

25. Defendants paid plaintiff for less hours than he worked on a weekly basis.

26. Defendants knowingly and willfully operated their business with a policy of not paying New York State "spread of hours" premiums to Plaintiff and other similarly situated employees.

27. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

28. Defendant, George Chritis, is an individual who, upon information and belief, owns the stock of Stage Door, owns Stage Door, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

29. Defendant, Gustavo Rosario, is an individual who, upon information and belief, owns the stock of Stage Door, owns Stage Door, and manages and makes all business decisions,

including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

30. Defendant, Mastiha Corp., formed in May 2016, is a successor to a non-party predecessor entity which operated Stage Door Deli prior to May 2016.

31. As successor, defendant Mastiha Corp. acquired substantial assets of Stage Door, and has continued, without interruption or substantial change, the business operations of the predecessor corporation.

32. To the extent defendants are the successors of a prior entity or entities doing business as Stage Door Deli, with the same appearance and staff, it is liable for the debts and liabilities of the predecessor owner and operator.

33. During most of his employment, Plaintiff was not provided with a wage statement or any other documentation of his weekly hours, an hourly rate calculation, any deductions, and compensation.

34. Defendants were not and are not entitled to take any "tip credits" under federal or state law because they: (i) failed to properly provide notice to all tipped employees, including Plaintiff, that Defendants were taking a "tip credit" in violation of the FLSA and New York Labor Law, and (ii) failed to pay tipped employees, including Plaintiff, the proper minimum wage afforded to tipped employees, and (iii) failed to provide proper wage statements informing tipped employees, including Plaintiff, of the amount of "tip credit" taken for each payment period, and (iv) caused tipped employees, including Plaintiff, to engage in non-tipped duties, which exceeded 20% of his working hours each workday.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

35. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "34" of this Complaint as if fully set forth herein.

36. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

37. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

38. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

39. Plaintiff, Luis C. Molina, worked hours for which he was not paid the statutory minimum wage.

40. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff for his hours worked.

41. Plaintiff, Luis C. Molina, was entitled to be paid at the rate of time and one-half the statutory minimum, or his regular rate of pay when higher than the statutory minimum, for all hours worked in excess of the maximum hours provided for in the FLSA.

42. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

43. At all relevant times, Defendants had, and continues to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for

all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

44. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages, and wages for all hours worked, and overtime pay, would financially injure Plaintiff.

45. Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

46. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

47. Defendants failed to properly disclose or apprise Plaintiff, Luis C. Molina, of his rights under the FLSA.

48. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

49. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages and

overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

50. Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

51. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "50" of this Complaint as if fully set forth herein.

52. At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

53. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff wages for all hours worked, and minimum wages in the lawful amount, for all hours worked.

54. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than one and one-half times the statutory minimum rate of pay, or his regular rate of pay when higher than the statutory minimum, for each hour worked in excess of forty (40) hours in a workweek.

55. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each day he worked ten (10) or more hours pursuant to New York State Department of Labor Regulations §§137-1.7; 142-2.4.

56. Defendants did not provide Plaintiff and all other similarly situated employees, with any document or written statement accurately accounting for their actual hours worked, and setting forth their hourly rate of pay, regular wage, and/or overtime wages.

57. Upon information and belief, this was done in order to disguise the actual number of hours the employees worked, and to avoid paying them for their full hours worked; and, overtime due.

58. Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

59. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, unpaid overtime wages, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

60. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "59" of this Complaint as if fully set forth herein.

61. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

62. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

63. Plaintiff was not provided with an accurate wage statement on a weekly basis, as required by law.

64. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, Luis C. Molina, on behalf of himself and all similarly situated employees, respectfully requests that this Court grant the following relief:

(a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Labor Law;

(b) An award of unpaid wages, minimum wages and overtime wages due under the FLSA and New York Labor Law;

(c) An award of unpaid "spread of hours" premium due under the New York Labor Law;

(d) Statutory penalties for failing to comply with the notice and record-keeping requirements of the New York State Wage Theft Prevention Act.

(e) An award of liquidated and/or punitive damages as a result of Defendants' pursuant to 29 U.S.C. § 216;

(f) An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wages, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law;

(g) An award of prejudgment and post-judgment interest;

(h) An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and,

(i) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
August 7, 2017

Respectfully submitted,

By: _____
Peter H. Cooper  (PHC 4714)

CILENTI & COOPER, PLLC
**Attorneys for Plaintiff**
708 Third Avenue – 6th Floor
New York, NY 10017
Telephone  (212) 209-3933
Facsimile  (212) 209-7102
pcooper@jcpclaw.com

12