# CILENTI & COOPER, PLLC

ATTORNEYS AT LAW
708 Third Avenue – 6th Floor
New York, New York 10017

Telephone (212) 209-3933
Facsimile (212) 209-7102
Email: info@jcpclaw.com
www.jcpclaw.com

## REQUEST FOR DISMISSAL

July 26, 2018

**VIA ECF**

Honorable Judge Richard J. Sullivan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:     *Molina v. Chritis and Rosario*
      Case No.:  17 Civ. 5939 (RJS)(GWG)

Dear Judge Sullivan,

      This case is pending before Your Honor. This is plaintiff's application to have the case dismissed against Gustavo Rosario with prejudice based upon a settlement reached in the matter, and against George Chritis and Mastiha Corp. without prejudice, based upon the Mr. Chritis' filing of bankruptcy and dissolution of the corporate defendant.

      This is an action for unpaid wages under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.*, ("FLSA"), and the New York Labor Law, §§ 190, *et seq.*

      Luis Molina worked for Stage Deli as a dishwasher and delivery person, between June 2015 through March 2017. The Deli is shuttered and will not reopen. The individual defendants (who are *pro se*) owned the restaurant, we believe, beginning in early 2016 through early 2018, when they lost their lease. Mr. Molina alleged he was paid for less hours than he actually worked.

      Defendants were previously represented by counsel but counsel withdrew, and they are *pro se*. The parties participated in multiple meetings with the District Court and with Magistrate Judge Gorenstein, who supervised discovery and settlement proceedings.

Hon. Richard J. Sullivan
July 26, 2018
Page 2

The case is difficult because the business is closed and the financial predicament of the defendants is alleged to be dire. We retained an independent investigator who confirmed that defendants do not own property and have other judgments against them. And, we have confirmed that defendant George Chritis filed for bankruptcy protection in the Eastern District of New York, case No. 18-43873, so this proceeding against him is technically stayed.

Plaintiff Molina and Gustavo Rosario were both eager to resolve the case for a reasonable sum. Mr. Molina understands the predicament of dealing with individuals who are without sufficient assets and a closed business. And Mr. Rosario wants to avoid a large judgment, which would affect his credit and hinder his future endeavors. Mr. Rosario offered $5,000 to end this litigation, which Mr. Molina accepted. We represent to the court, based on our experience in dealing with similar cases, that $5,000 is reasonable, primarily because we understand it would be difficult to collect a significant judgment.

The payment of $5,000, which our firm holds in escrow, includes attorneys' fees (which pursuant to plaintiff's retainer with counsel shall be one-third of the settlement, $1,666.67). The court can be assured that had we billed our client on an hourly basis, the fees would have been substantially higher. Indeed, in addition to drafting pleadings, correspondence, and discovery requests, we have attended multiple court hearings.

The court should also know that Mr. Molina is grateful that the case was brought to a conclusion where he will receive a small but meaningful payment. A copy of the settlement agreement is provided as Exhibit "A" and contains no red flags, such as an overbroad release or confidentiality provisions.

In considering whether the settlement is fair and reasonable, the principal question is "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Info. Networking Computing USA, Inc.*, 2008 WL 724155 at *1 (E.D.N.Y. 2008) (*quoting Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). Here, the primary concern tending toward settlement was legitimate concern about the collectability of a judgment. Indeed, the corporate defendant and individual defendants have no collectable assets for this uninsured claim.

The settlement was reached as a result of multiple difficult and certainly arm's-length negotiations between the undersigned and Mr. Rosario, both in person and by phone.

Attorneys' fees in FLSA settlements are also examined, to ensure that the interests of plaintiff's counsel in his own compensation did not adversely affect the extent of the relief counsel procured for the clients. *Wolinsky v. Scholastic*, 900 F.Supp.2d 332, 336 (S.D.N.Y. 2012). In this case, plaintiff's counsel fee of one-third is significantly less than what Cilenti & Cooper, PLLC would receive were it to compensated on an hourly

Hon. Richard J. Sullivan
July 26, 2018
Page 3

basis. Neither counsel nor the plaintiff is made whole, but, based on the above-described factors, we respectfully submit that a $5,000 settlement falls within the range of reasonableness, under the unique circumstances of this case.

      We thank the court for its consideration of the case, and we do seek dismissal.

                                    Respectfully submitted,

                                    CILENTI & COOPER, PLLC

                  By: _____
                                  Peter H. Cooper

cc:    George Chritis (Via E-mail)
       Gustavo Rosario (Via E-mail)